IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

  v.

JASON R. MADDY, BRIGITTE LOSSING, and DOES 1 TO 25,

    Defendants.
                                 /

No. M 13-80283 CW

ORDER RETURNING COMPLAINT TO PLAINTIFF

    Plaintiff Hung Ha was declared a vexatious litigant by Magistrate Judge Larson on July 29, 2010. Ha v. U.S. Atty. Gen., 2010 WL 3001224 (N.D. Cal.). Judge Larson ordered that "any future civil pro se filing by Plaintiff in this district shall be subject to pre-filing review by a judge of this Court." Id. at *5. The Ninth Circuit summarily affirmed the order on appeal. See Ha v. U.S. Atty. Gen., N.D. Cal. Case No. 09-5281, Docket No. 291.

    The Court has reviewed Plaintiff's complaint and finds that it shall not be filed because the claims set out therein are frivolous. Plaintiff alleges that, on November 10, 2013 "certain events" occurred at the University of California Berkeley's Recreational Sports Facility.[1] Plaintiff does not describe these

---

[1] The Court notes that this is not the first complaint Plaintiff has filed concerning events at the Recreational Sports Facility. See, e.g., Ha v. Celaya, 12-80244; Ha v. Sweet B., 09-1392. Neither of those cases has proceeded past the pleading stage.

events but alleges that they led to (1) the permanent revocation of his access to all Recreational Sports facilities and programs and (2) misdemeanor prosecution underway in the Alameda County Superior Court for interference with campus activities.

Plaintiff alleges three separate causes of action.  First, he alleges that the appeal proceeding to challenge the revocation of his access to the Recreational Sports facilities and programs constitutes a violation of his Fifth Amendment privilege against self-incrimination.  Plaintiff further alleges that the revocation of his access to UC Berkeley's Recreational Sports Facilities constitutes an unlawful seizure in violation of his Fourth Amendment Rights.  Finally, Plaintiff alleges that "Defendants' acts violate Hung Ha's 13th Amendment rights, under the pretext of doing something proper, righteous."  Complaint ¶ 19.

Each of these claims is frivolous.  First, the Fifth Amendment privilege against self-incrimination operates to protect an individual from being compelled to testify in court.  Plaintiff is not being compelled to provide any information in the appeal proceeding to challenge the revocation of his access to the Recreational Sports facilities.  Indeed the decision to appeal is itself voluntary.

Plaintiff's Fourth Amendment claim also fails.  Plaintiff alleges that his "RSF lifetime or long-term RSF membership is being seized as an element of coercion on him."  Complaint ¶ 18. Plaintiff does not further explain this claim.  It is not clear what Plaintiff alleges he is being coerced to do.  Moreover, the Fourth Amendment protects against unreasonable searches and seizures of things in which an individual maintains a reasonable

2

expectation of privacy.  The Fourth Amendment is not applicable to the revocation of Plaintiff's gym membership.

Finally, the Thirteenth Amendment provides "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend XIII, § 1.  The Court is unable to discern how the facts alleged could give rise to a claim under the Thirteenth Amendment.

Because Plaintiff's proposed complaint is frivolous and fails to state a claim upon which relief can be granted, leave to file the proposed complaint is DENIED.  The Clerk of the Court is ordered not to file the complaint.  Instead, it shall be returned to Plaintiff.

IT IS SO ORDERED.

Dated: 2/7/2014

CLAUDIA WILKEN
United States District Judge

3